UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:10-cr-87 |
| v. | ) | |
| | ) | |
| PAUL BIEBER, | ) | |
| | ) | PLEA AGREEMENT |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the defendant,

Paul Bieber, and defendant's attorney, enter into this Plea Agreement.

### A.    CHARGES

1    Subject Offenses.  Defendant will waive Indictment (by executing a separate

waiver of Indictment form) and plead guilty to an information charging in Count 1 a violation of

Title 18, United States Code, Section 4, that is, misprision of felony.

2    Charges to be Dismissed.  Provided the defendant complies with all terms of this

Plea Agreement, at the time of sentencing the charges pending in the Superseding Indictment

will be dismissed.

3    No Further Prosecution.  The Government agrees that defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.  This paragraph and this plea agreement do not apply to (1)

any criminal act occurring after the date of this agreement, and (2) any crime of violence.

### B.    MAXIMUM PENALTIES

4    Maximum Punishment.  Defendant understands that the count to which defendant

1

is pleading guilty carries a maximum sentence of up to 3 years in prison, a maximum fine of $250,000, and a term of supervised release of up to one year.  A mandatory special assessment of $100 also must be imposed by the sentencing court.

      5     Supervised Release--Explained.  Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions.  If defendant were to violate a condition of supervised release, defendant could be sentenced up to1 year in prison, without any credit for time previously served.

      6     Detention.  Provided that defendant does not violate any conditions of defendant's pretrial release, the Government agrees that defendant may remain on pretrial release pending imposition of sentence.

### C.    NATURE OF THE OFFENSE -- FACTUAL BASIS

      7     Elements understood.  Defendant understands that to prove the offenses alleged under **Count 1 (misprision of felony)**, the Government would be required to prove beyond a reasonable doubt the following elements:

        (1)    A federal felony, that is, wire fraud, was committed;

        (2)    The defendant had knowledge of the commission of that felony;

        (3)    The defendant failed to notify an authority, that is, a federal judge or other civil authority; and,

        (4)    The defendant did an affirmative act to conceal the crime.

      8     Elements Admitted.  As a factual basis for his plea of guilty, defendant admits the following:

        (1)    In late 2005, a scheme to defraud a mortgage lender existed as follows.

Mary Pat Lord, a real estate agent, had a listing for the sale of 1818 Esplanade Avenue, Davenport, Iowa, then owned by Denisa Woods. Lord arranged to sell the property to Darryl Hanneken and Robert Herdrich for the price of $100,000. Lord and the parties agreed that the HUD-1 Settlement Statement and other documents pertaining to the sale would reflect a price of $155,000, thereby allowing Hanneken and Herdrich to obtain a mortgage loan for $108,500, greater than the actual sale price. Further, Lord and the parties agreed that after proceeds of the sale had been paid to Woods, she would convey a $55,000 "cash back" payment (the difference between the actual price and inflated sale price) to Hanneken and Herdrich. The actual price and the existence of the cash back payment to Hanneken and Herdrich would be concealed from the mortgage lender, Interbay Funding, by omitting those details from the HUD-1 Settlement Statement.

(2)     Woods lived outside the Davenport area, so the defendant, an attorney, was retained to act for Woods in connection with the sale and closing pursuant to a power of attorney. The defendant was aware of the lower actual price and the cash back payment, and the fact that those details would not be conveyed to the lender on the HUD-1 Settlement Statement.

(3)     The defendant did an affirmative act to conceal the offense, in that the defendant provided via the closing process information that falsely represented that the higher inflated price was the agreed price and failed to reveal the lower actual price and cash back payment. The defendant knew this information would be included on the HUD-1 Settlement Statement. The defendant also completed a declaration of value form that falsely represented the sale price.

(4)     On or about December 9, 2005, the defendant represented Woods at the closing for the sale of 1818 Esplanade and took custody of the proceeds of the sale on behalf of Woods. Thereafter, the defendant conveyed the $55,000 cash back payment to Hanneken. Interstate wire communications were used to carry out the scheme to defraud, in that fax communications pertaining to the closing were transmitted between the defendant's office in Iowa and the office of the closing agent in Illinois.

(5)      In connection with this transaction, the defendant did not collect any fees or payments except for his $400 fee for representing Woods, which was duly reflected on the HUD-1 form. The defendant acted in the interests of Woods in that he carried out her instructions to conduct the transaction.

(6)     The defendant failed to notify any judge or civil authority of the

3

foregoing.

9    Truthfulness of Factual Basis. Defendant acknowledges that the above statements

are true. Defendant also understands that, during the change of plea hearing, the judge and the

prosecutor may ask the defendant questions under oath about the offense to which defendant is

pleading guilty, in the presence of defendant's attorney. Defendant understands that defendant

must answer these questions truthfully, and that defendant can be prosecuted for perjury if that

defendant gives any false answers.

10    Venue. Defendant agrees that venue for this case is proper for the United States

District Court for the Southern District of Iowa.

**D.    SENTENCING**

11    Sentencing Guidelines. Under Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, the parties agree that the Court should impose a sentence of probation of up to three

years with no fine and will not advocate for a higher or lower sentence at the time of sentencing.

The parties agree that this sentence takes into account all of the relevant factors set forth under

18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and

circumstances of the offense, the history and characteristics of the defendant, and other pertinent

factors. Should the Court decline to impose this recommended sentence, defendant may

withdraw his plea of guilty, and the case will then be set for trial.

12    Criminal History. Defendant has represented to the United States that defendant

has no prior criminal history.

13    Presentence Report. Defendant understands that the Court may defer a decision

as to whether to accept this plea agreement until after a Presentence Report has been prepared by

4

the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.

14    Evidence at Sentencing. Defendant, defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

15    Costs and Restitution. Issues relating to costs and restitution are not dealt with in this agreement.

16    Special Assessment. The defendant agrees to pay the mandatory special assessment of $100 at or before the time of sentencing as required by 18 U.S.C. § 3013.

**E.    LIMITED SCOPE OF AGREEMENT**

17    Agreement Limited to Southern District of Iowa. This plea agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

18    Lenders not a party to this Agreement. Defendant understands that Interbay Funding and other lenders and investors involved in this investigation are not parties to this Agreement.

**F.    WAIVER OF TRIAL RIGHTS, APPEAL / 2255, LIMITATIONS PERIOD**

19    Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

5

(a)   continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)   a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

(c)   the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

(d)   confront and cross-examine adverse witnesses;

(e)   present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

(f)   not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

(g)   if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

20   <u>Waiver of Appeal and Post-Conviction Review</u>. The defendant knowingly and

expressly waives any and all rights to appeal defendant's conviction in this case, including a

waiver of all motions, defenses and objections which defendant could assert to the charge(s) or

to the court's entry of judgement against defendant. If the court imposes the sentence

recommended by the parties, defendant also waives any and all rights to appeal defendant's

sentence. Also, the defendant knowingly and expressly waives any and all rights to contest

defendant's conviction of the subject charges in any post-conviction proceedings, including any

proceedings under Title 28 U.S.C. § 2255. These waivers are full and complete, except that

they do not extend to the right to appeal or seek post-conviction relief based on grounds of

ineffective assistance of counsel and/or prosecutorial misconduct not known to the defendant, or

reasonably knowable, at the time of entering this plea agreement.

21     <u>Statute of Limitations</u>.  The defendant waives any claim or defense to the filing of

the Information based upon any statute of limitations that may apply.  Defendant further waives

any claim or defense under the speedy trial provisions of the Sixth Amendment, the Speedy Trial

Act, or any other provision of law relating to the timely filing and disposition of the charge set

forth in the Information.  Defendant consents to the filing of the charge set forth in the

Information at this time and agrees that any and all delay shall be deemed to be a necessary delay

at the defendant's request.

## G.     VOLUNTARINESS OF PLEA -- OPPORTUNITY TO CONSULT WITH COUNSEL

22     <u>Voluntariness of Plea</u>.  Defendant represents that defendant's decision to plead

guilty is defendant's own, voluntary decision, and that the following is true:

     (a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defendant's attorney, and defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

     (b)     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

     (c)     No one has threatened defendant or defendant's family to induce this guilty plea.

     (d)     Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

23     <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with

defendant's attorney and states that the following is true:

     (a)     Defendant states that defendant is satisfied with the representation provided by defendant's attorney.

(b)    Defendant has no complaint about the time or attention defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)    Although defendant's attorney has given defendant advice on this guilty plea, the decision to plead guilty is defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of defendant's attorney, and with a full understanding of defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## H.    ENTIRE AGREEMENT -- EFFECTIVE DATE -- PUBLIC INTEREST

24    <u>Entire Agreement</u>.  This plea agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

25    <u>Public Interest</u>.  The parties state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

26    <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

8

### J.    SIGNATURES

27    Defendant. I have read all of this Plea Agreement and have discussed it with my
attorney. I fully understand the Plea Agreement and accept and agree with it without
reservation. I do this voluntarily and of my own free will. No promises have been made to me
other than the promises in this Plea Agreement. I have not been threatened in any way to get me
to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to
this Plea Agreement and other matters associated with this case. I am entering into this Plea
Agreement and will enter my plea of guilty under this Agreement because I committed the crime
to which I am pleading guilty. I know that I may ask my attorney and the judge any questions
about this plea agreement, and about the rights that I am giving up, before entering into the plea
of guilty.

JυⁿE 30 2011
_____
Date

_____
Paul Bieber

28    Defendant's Attorney. I have read this Plea Agreement and have discussed it in
its entirety with my client. There is no Plea Agreement other than the Agreement set forth in this
writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of
entering into this Plea Agreement, and does so voluntarily of defendant's own free will, with full
knowledge of defendant's legal rights, and without any coercion or compulsion. I have had full
access to the Government's discovery materials, and I believe there is a factual basis for the plea.
I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant
to the Plea Agreement.

9

Jue 30, 2o4
_____
Date

_____
Mark S. Pennington
604 Locust Street, Suite 618
Des Moines, IA 50309
Telephone:  (515) 288-3339
Telefax:  (515) 288-8629


29     <u>United States</u>.  The Government agrees to the terms of this Plea Agreement.


Nicholas A. Klinefeldt
United States Attorney


6 - Js-11
_____
Date

By:     _____
Donald Allegro
Assistant United States Attorney
United States Courthouse, Suite 310
131 East 4th Street
Davenport, IA 52801
Tel: (563) 449-5432
Fax: (563) 449-5433