1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

- - - - - - - - - - - - - X
UNITED STATES OF AMERICA,    :
                             :
    Plaintiff,               :
                             :
vs.                          :   Criminal No. 3:10-cr-87
                             :
PAUL BIEBER,                 :
                             :   SENTENCING TRANSCRIPT
    Defendant.               :
- - - - - - - - - - - - - X

                        Courtroom, First Floor West
                        U.S. Courthouse
                        131 East Fourth Street
                        Davenport, Iowa
                        Wednesday, October 12, 2011
                        11 a.m.

BEFORE:   THE HONORABLE ROBERT W. PRATT, Judge.

APPEARANCES:

For the Plaintiff:        DONALD ALLEGRO, ESQ.
                        JOHN D. KELLER, ESQ.
                        Assistant United States Attorneys
                        U.S. Courthouse, Suite 310
                        131 East Fourth Street
                        Davenport, Iowa  52801

For the Defendant:        MARK S. PENNINGTON, ESQ.
                        Kutmus and Pennington, P.C.
                        604 Locust Street
                        Suite 618
                        Des Moines, Iowa  50309


       THERESA KENKEL - CERTIFIED SHORTHAND REPORTER

1                    P R O C E E D I N G S
2              (In open court.)
3              THE COURT:  Good morning.
4              Mr. Bieber, have you had the opportunity to have read
5    the report that was prepared in your case?
6              DEFENDANT BIEBER:  Yes, Your Honor.
7              THE COURT:  And did you have the opportunity to talk
8    to Mr. Pennington, your lawyer, about the report?
9              DEFENDANT BIEBER:  We have.
10             THE COURT:  And, Mr. Pennington, did you read the
11   report in this case?
12             MR. PENNINGTON:  Yes, Your Honor.
13             THE COURT:  Mr. Keller or Mr. Allegro, did you have
14   the opportunity to have read the report in this case?
15             MR. ALLEGRO:  We did, Your Honor.
16             THE COURT:  All right.  And the first issue before the
17   Court, as I understand it, is whether or not the plea
18   agreement--the plea's been accepted based upon the Court's
19   finding that there's a factual basis, that the defendant
20   understood his rights, and that he was aware of the maximum
21   punishments that could come to him as a result of the
22   conviction.  And the question now before the Court is whether or
23   not the Court should accept the plea agreement.
24             Mr. Allegro, I'm assuming the Government is still
25   urging acceptance of not only the plea, but the plea agreement

1  in this case?
2          MR. ALLEGRO:  We are, Your Honor.
3          THE COURT:  All right.  And, Mr. Pennington, is that
4  the case with respect to Mr. Bieber?
5          MR. PENNINGTON:  Yes, Your Honor.
6          THE COURT:  The record should show that the Court has
7  read again the plea agreement.  The Court has also read the
8  policy statement for standards for acceptance of plea agreements
9  found in--by the Sentencing Commission at 6B1.2(3).  6B1.2(c)--I
10 think I said 3--provides as follows:  "In the case of a plea
11 agreement that includes a specific sentence"--and the Court
12 notes that this does--"Rule 11(c)(1)(C), the Court may accept
13 the agreement if the Court is satisfied either that:
14         "(1) the agreed sentence is within the applicable
15 guideline range; or
16         "(2)(A) the agreed sentence departs from the
17 applicable guideline range for justifiable reasons; and, (B)
18 those reasons are specifically set forth in writing in the
19 statement of reasons or judgment and commitment order."
20         The Court believes, Mr. Allegro, Mr. Pennington, you
21 tell me if I'm wrong, that the total offense level here is 6,
22 the criminal history is 0--I'm sorry.  There's no points, so the
23 range is zero to six months.  At least the way I look at it,
24 that comes within the policy statement.
25         Is that the Government's view as well?

1           MR. ALLEGRO:  Yes, Your Honor.

2           THE COURT:  Mr. Pennington?

3           MR. PENNINGTON:  Yes, Your Honor.

4           THE COURT:  All right.  The other issue that the Court
5  understands is still in contest is the matter of restitution.
6  So, Mr. Allegro or Mr. Keller, you might tell me what the
7  Government's position is on that.

8           MR. ALLEGRO:  Your Honor, originally, when the first
9  draft of the PSR came out, it assessed Mr. Bieber's liability
10 for restitution for relevant conduct, including all the other
11 charges that he was originally tried for.  Mr. Pennington
12 objected to that.  I told the probation officer that I agreed
13 with the objection because I believe, based on my discussions
14 with Mr. Pennington at the time we came to this plea agreement,
15 that it was his understanding that--and Mr. Bieber's
16 understanding that he would only be held accountable for conduct
17 with respect to the Esplanade transaction.

18          THE COURT:  And why was that?

19          MR. ALLEGRO:  Based on statements that he made to me,
20 and what the defendant was thinking, and what the
21 rationalization would be whether they would enter a plea or not.
22 I didn't discuss relevant conduct, or explain relevant conduct,
23 or any of that.  It didn't occur to me at that point that it was
24 going to be an issue.

25          But when it became an issue, in retrospect I believed

```
 1  that the defendant believed he would not be held accountable for
 2  relevant conduct, only the Esplanade transaction.
 3          So when the objection was made, I told the probation
 4  officer I would agree with the objection for that reason because
 5  I felt that the defendant went into the plea based on that
 6  understanding, that he'd only be held accountable for Esplanade.
 7          Now, with respect to Esplanade, I believe the
 8  remaining issue there is whether the defendant should be
 9  assessed restitution in some amount proportional to culpability,
10  or whether he should be jointly and severally liable here.
11  We're asking that he be held jointly and severally liable, as
12  the statute provides.  The Court has discretion to do either
13  one.
14          We think it's appropriate in this case--I don't want
15  to regurgitate the whole trial record about he was responsible
16  for what, and what the defendant's role was in this, but I would
17  suffice it to say that the defendant did have a key role.  This
18  transaction would have been stopped, these mortgages never would
19  have been issued if he had spoken up, and that's all I'll say
20  about that.
21          THE COURT:  So, Mr. Allegro, so I can understand, in
22  summary fashion what you negotiated with counsel, you're saying
23  the other five transactions are not relevant conduct because we
24  agreed they're not relevant conduct?
25          MR. ALLEGRO:  Yes, I am agreeing with that because I
```

1  believe that's what the defendant believed he was getting into.
2           THE COURT:  Because you didn't discuss it, so rather
3  than arguing about it now, you're conceding that it's not
4  relevant conduct?
5           MR. ALLEGRO:  Yes.
6           THE COURT:  And you don't claim that that's somehow
7  binding on the Court, do you?
8           MR. ALLEGRO:  No, it is not.
9           THE COURT:  All right.  Mr. Pennington, has counsel
10 accurately described your agreement?
11          MR. PENNINGTON:  Yes, Your Honor.  We do think that
12 the restitution of the other properties was part of the
13 long-involved plea agreement discussion with the Government.
14          THE COURT:  Well, the only reason it's not relevant
15 conduct is because the Government agrees that the other five
16 transactions are not relevant conduct.
17          MR. PENNINGTON:  Well, we had a discussion concerning
18 that.  We entered part--  Part of the plea bargain discussion
19 was they agreed it was not relevant conduct, yeah.  That's
20 correct, Your Honor.
21          THE COURT:  All right.  Mr. Pennington, do you have
22 anything to say--I'm going to formally accept the plea
23 agreement, in addition to the plea, on the record.  Do you have
24 anything else you want to say before I do so?
25          MR. PENNINGTON:  In reference to the restitution

1  issue, Your Honor?

2          THE COURT:  Right.

3          MR. PENNINGTON:  Briefly, Your Honor.  Of course the
4  Court is very familiar with the facts in this case.  I would
5  simply state that if the Court does choose to apportion
6  liability to reflect the level of contribution, that certainly
7  the Court is familiar with his role in this.

8          I'd note that the probation department indicates that
9  the primary determinant of the loss was the appraised value was
10 fraudulently inflated.  Certainly there was no issue that
11 Mr. Bieber had anything to do with the appraisal, or the
12 fraudulent nature of that appraisal.

13         That's all, Your Honor.

14         THE COURT:  All right.  The record should show the
15 Court accepts the plea of the defendant made to misprison of a
16 felony, and now accepts the plea agreement.  The Court, for the
17 record, states that the total offense level is 6, the criminal
18 history category is I.  The range is zero to six months.  The
19 remaining issue is restitution under 18 United States Code
20 3663(a).

21         Mr. Bieber, you have a right of allocution.  If you
22 want to say anything, you're entitled to do so.  Do you have
23 anything you want to say?

24         DEFENDANT BIEBER:  No, Your Honor.

25         THE COURT:  And, Mr. Allegro and Mr. Pennington,

1  unless you want to say something additionally, I'll take your
2  comments that you've made already as urging me to accept the
3  plea agreement and to decide the matter of restitution.
4           Mr. Allegro, any comments additionally you want to
5  make on behalf of the United States?
6           MR. ALLEGRO:  No, Your Honor.
7           THE COURT:  Mr. Pennington?
8           MR. PENNINGTON:  No, Your Honor.
9           THE COURT:  All right.  The record should show that
10 the defendant pled guilty by way of a United States Attorney's
11 Information to misprison of a felony.  The Court has, under the
12 policy statement, accepted not only the plea of the defendant to
13 the Information, but also the plea agreement, which is an
14 agreed-upon sentence of three years' probation.  The only issue
15 the Court has to determine is the matter of restitution.
16          The restitution amount I note is erroneously stated in
17 the objection letter.  The restitution amount in contest is the
18 figure of $36,717.58.  The Court is going to order the defendant
19 to pay the amount of that restitution jointly and severally with
20 any of the other codefendants, including Mr. Hanneken and
21 Mr. Herdrich, and the Court will--the correct figure, my law
22 clerk informs me, is 37,969.99.  I thought the 36,000--well, I
23 thought the 36,000 I read into the record was the principal
24 amount and had--the 37,000 was the amount with interest.
25          So, Mr. Allegro, is it the amount of 37,969.99?

1          MR. ALLEGRO:  It is, Your Honor.

2          THE COURT:  Mr. Pennington, is that the amount in
3  contest?

4          MR. PENNINGTON:  That's fine, Your Honor.

5          THE COURT:  Well, it's not fine if it's wrong.

6          MR. PENNINGTON:  I meant to say no objection to that,
7  Your Honor.

8          THE COURT:  All right.  Okay.  The defendant is
9  sentenced to a probation term of three years on Count 1 of the
10 Information.  The defendant shall not commit another federal,
11 state, or local crime.

12         Mr. Bieber, I would suggest before you leave today you
13 go over these standard conditions of supervision.  Based upon
14 what I read of you, I'm sure you're going to have no problem
15 complying with these, but sometimes we take for granted what's
16 probation without going over the terms.  So if you want to
17 review those with Ms. Tady before you leave today, they'll be in
18 the judgment entry.

19         The Court suspends any claim of drug testing as being
20 required.  The Court determines the defendant poses a low risk
21 of any substance abuse now or in the future.  The defendant,
22 however, shall not possess a firearm, ammunition, destructive
23 device, or other dangerous weapon.  He shall cooperate in the
24 collection of his DNA.  The standard provisions of supervision
25 shall apply.

10

1        The defendant shall provide complete access to
2   financial information, including disclosure of all business and
3   personal finances, to the probation officer.  The defendant
4   shall not apply for or solicit or incur any further debt without
5   the permission of the probation office.
6        The defendant shall pay restitution to Bayview Loan in
7   the amount of $37,969.99 jointly and severally with codefendants
8   Herdrich and Hanneken.  The defendant shall cooperate with the
9   probation officer in developing a monthly payment plan
10  consistent with the schedule of allowable expenses.  The Court
11  does note from the presentence report that the defendant's
12  already paying the IRS in an offset program.
13       The defendant shall submit to a search of his person
14  conducted by a probation officer at reasonable times and
15  reasonable places.  The defendant should pay a $100 special
16  assessment, which is mandatory.  There is no other fine or
17  penalty due.
18       Mr. Allegro or Mr. Pennington, other than advising the
19  defendant of any appellate rights he may have, are there any
20  other matters the Court has to attend to?
21       MR. ALLEGRO:  No, Your Honor.
22       MR. PENNINGTON:  No, Your Honor.
23       THE COURT:  Mr. Bieber, this is a final judgment of
24  the District Court.  You have a right to appeal the judgment to
25  the Court of Appeals if you believe it contains error.  If you

11

1  want to take the appeal, you have to file a written notice with
2  the Clerk of the District Court within ten days, you have to
3  serve a copy of that on the United States Attorney's Office.
4         The law also requires that I inform you that if you
5  want to appeal the case, and want the assistance of a lawyer and
6  can't afford a lawyer, I have to appoint a capable lawyer to
7  represent you on the appeal.
8         I do note that there's some reference in the plea
9  agreement, which is now part of the record, regarding what
10 remains available to you in terms of your appellate rights.  You
11 should confer with Mr. Pennington about what, if any, appellate
12 rights remain.  I know you can always appeal the sentence as
13 being an illegal one, and the Government can do so as well, or
14 an unreasonable one.
15         Mr. Bieber, do you have any questions about this
16 judgment that's been entered today, or about your right of
17 appeal?
18         DEFENDANT BIEBER:  No, Your Honor.
19         THE COURT:  We'll be in recess.
20         (Proceedings concluded at 11:20 a.m.)
21
22
23
24
25

12

C E R T I F I C A T E

I, the undersigned, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that I acted as the official court reporter at the hearing in the above-entitled matter at the time and place indicated;

That I took in shorthand all of the proceedings had at the said time and place and that said shorthand notes were reduced to typewriting under my direction and supervision, and that the foregoing typewritten pages are a full and complete transcript of the shorthand notes so taken.

Dated at Des Moines, Iowa, this 29th day of February, 2012.


/s/ Theresa Kenkel
CERTIFIED SHORTHAND REPORTER